# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, <br> The Executive Office <br> Office of the Legal Adviser, Room 5519 <br> 2201 C Street, NW <br> Washington, D.C.  20520, <br><br> Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this actions against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission,

Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of State is an agency of the United States Government and is headquartered at 2201 C Street NW, Washington, D.C. 20520. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On June 3, 2014, Plaintiff submitted a FOIA request to Defendant, by facsimile and certified mail, seeking access to the following:

> The bilateral memorandum of understanding between the United States and Qatar relating to the release from U.S. custody of five detainees held at the U.S. Naval Station at Guantanamo Bay, Cuba in exchange for the return of U.S. Army Sgt. Bowe Bergdahl.

6. By letter dated June 5, 2014, Defendant acknowledged receipt of the request and assigned the request Case Control Number F-2014-0950.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with the request within twenty (20) working days and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Defendant's determination was due by July 3, 2014 at the latest.

8. As of the date of this complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

9. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

11. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: January 2, 2015

Respectfully submitted,

/s/ Jason Aldrich
Jason Aldrich
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
Tel:    (202) 646-5172

*Counsel for Plaintiff*